UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSE MUNENE, et al.,

          Plaintiff,

v.

BOBAK TALEBIAN, et al.,

          Defendants.

Case No. C22-0243-LK-SKV

ORDER DENYING MOTION FOR ATTORNEYS' FEES AND COSTS

## I.    INTRODUCTION

The fourteen Plaintiffs named in this lawsuit, who are noncitizens facing immigration proceedings, *see* Dkt. 12 at 4, each submitted Freedom of Information Act ("FOIA") records requests to the Executive Office for Immigration Review ("EOIR"), *id.* at 2. While EOIR provided Plaintiffs with responses to seven of the FOIA records requests prior to the filing of this lawsuit, it failed to provide Plaintiffs with responses to six of the remaining records requests until after the lawsuit was filed on March 2, 2022. *Id.* at 2–4. Because Plaintiffs contend their filing of this lawsuit caused EOIR to produce the six FOIA records, they move the Court for an order granting them their fees and costs incurred in pursuing the records. *See generally* Dkt. 12. They further move the Court for an order granting them their fees and costs incurred in pursuing FOIA

records for Plaintiff Saul Ruvalcaba Flores because, while EOIR responded to Mr. Flores' two FOIA records requests prior to Plaintiffs filing suit, its delay in doing so was particularly egregious. *Id.* at 3–4.

Having considered the parties' briefing and the relevant law, the Court hereby DENIES Plaintiffs' Motion for Fees and Costs, Dkt. 12, for the reasons stated herein.

## II. BACKGROUND

Plaintiffs move the Court for an order granting them their fees and costs incurred in pursuing FOIA records requests for seven of the fourteen Plaintiffs named in this lawsuit: Rose Munene, Sulma Yanira Marin Orellana, Cintia Bolaines Cruz, Santos Gabriel Sandoval-Carcamo, Elmer Santiago Carcamo Garcia, Glenda Del Carmen Carvajal-Mancia, and Saul Ruvalcaba Flores. Plaintiffs submitted the relevant FOIA records requests to EOIR between April 2020 and January 2022.

Following its receipt of Plaintiffs' FOIA records requests, EOIR issued form acknowledgment letters to each Plaintiff, which provided that "due to necessary operational changes as a result of . . . COVID-19 . . . , there may be significant delay in processing your request[,]" because many of the facilities housing immigration records were operating at limited capacity and/or were closed.[1] *See, e.g.*, Dkt. 14-1 at 14. The letters further explained that "FOIA requires an agency to respond within 20 working days after receipt of the request," but "permits a ten-day extension of this time period . . . based on unusual circumstances." *Id.* Per

---

[1] The letter acknowledging Plaintiff Gabriel Carcamo's FOIA records request, submitted in April 2020, contained a variation of this statement, indicating "there may be some delay in the processing" of Plaintiff's FOIA records request, and omitting any reference to the limited operational capacity or closure of records facilities. Dkt. 14-1 at 62. Further, the letter acknowledging Plaintiff Flores' first FOIA records request, submitted in October 2020, did not reference processing delays caused by the pandemic. *Id.* at 5. However, a statement to this effect was uploaded on EOIR's FOIA webpage on March 26, 2020. Dkt. 14 ¶ 3.

1  the letters, Plaintiffs' requests all involved "unusual circumstances" such that EOIR was

2  extending the time period to respond to each request by ten days.  *Id.*

3       After sending these acknowledgment letters, EOIR began working to fulfill Plaintiffs'

4  FOIA records requests following its standard protocol.  *See* Dkt. 14.  Records requests like

5  Plaintiffs' are generally handled on a "first-in, first-out" basis." *Id.* at ¶ 9.  When EOIR receives

6  a FOIA records request, personnel at EOIR's Service Center identify the location of the relevant

7  records and individually order or retrieve them from their storage location, including from

8  various immigration courts or, if the records are kept with the Board of Immigration Appeals

9  ("BIA"), from EOIR headquarters.  *Id.* at ¶¶ 4–5.  After EOIR receives a hard copy of the

10 records, it sends them to an off-site contractor for scanning.  *Id.* at ¶ 6.  Once scanning is

11 complete, the records are returned to the EOIR Service Center, along with a scanned copy of the

12 records on a compact disc.  *Id.*  Records may also exist fully or partially in electronic form.  *Id.* at

13 ¶ 8.  When this is the case, the attorney of record may access the electronic records through an

14 online portal.  *Id.*

15      The table below[2] summarizes the dates on which each of the aforementioned processing

16 steps took place for each Plaintiff:

17     / / /

18     / / /

19     / / /

20     / / /

21     / / /

22     / / /

23

---

[2] *See* Dkt. 13 at 4; Dkt. 14 ¶¶ 12–19.

ORDER DENYING MOTION FOR ATTORNEYS'
FEES AND COSTS - 3

| Plaintiff | Request Received | Acknowledged | Ordered | Received | Sent Offsite | Sent to Plaintiff |
|---|---|---|---|---|---|---|
| Sandoval-Carcamo | 4/8/20 | 4/8/20 | 4/8/20 from El Paso | 3/25/22 | 3/25/22 | 4/5/22 |
| Flores 1 | 10/14/20 | 10/28/20 | 1/14/21 from BIA | 2/22/21 | 3/1/21 | 3/9/21 |
| Flores 2[3] | 1/17/22 | 1/17/22 | 1/30/22 from BIA | 1/31/22 | 2/2/22 | 2/18/22 3/10/22 |
| Munene | 6/4/21 | 6/8/21 | Electronic | Electronic | N/A | 3/10/22 |
| Carcamo Garcia | 6/29/21 | 7/12/21 | 8/13/21 from Seattle | 9/10/21 | 3/18/22 | 3/25/22 |
| Orellana | 8/25/21 | 9/9/21 | 10/4/21 from BIA | 10/14/21 | 10/15/21 | 3/10/22 |
| Cruz | 9/30/21 | 10/15/21 | 10/28/21 from BIA | 11/1/21 | 11/2/21 | 3/10/22 |
| Carvajal-Mancia | 12/1/21 | 12/6/21 | 2/10/22 from BIA | 3/16/22 | 3/17/22 | 3/25/22 |

In 2020, EOIR received 48,885 FOIA records requests and had a backlog of 10,923 requests. Dkt. 14 ¶ 10. In 2021, EOIR received 60,996 FOIA records requests and had a backlog of 29,735 requests. *Id.*

### III.   DISCUSSION

"To obtain an award of attorney fees under the FOIA, a plaintiff must demonstrate both eligibility and entitlement to the award." *Or. Nat'l Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009); *see Long v. U.S. Internal Revenue Serv.*, 932 F.2d 1309, 1313 (9th Cir. 1991). Eligibility requires a plaintiff to show that he or she "has substantially prevailed" in the FOIA suit by obtaining relief through either: (1) a judicial order, or an enforceable written agreement or consent decree; or (2) a voluntary or unilateral change in position by the agency, if the plaintiff's

---

[3] EOIR received two FOIA records requests pertaining to Plaintiff Flores, both of which were fulfilled before the filing of this lawsuit. However, after the lawsuit was filed, on March 10, 2022, EOIR sent another copy of the requested records to Plaintiffs' attorney. Dkt. 14 ¶¶ 12–13.

ORDER DENYING MOTION FOR ATTORNEYS'
FEES AND COSTS - 4

claim is not insubstantial.  5 U.S.C. §§ 552(a)(4)(E)(i)-(ii); *First Amend. Coal. v. U.S. Dep't of Justice*, 878 F.3d 1119, 1127 (9th Cir. 2017).  Because there is no judicial order, written agreement, or consent decree in the present matter, only the latter avenue for establishing eligibility is relevant.

In evaluating whether there has been a voluntary or unilateral change in position by the government agency, the Ninth Circuit has held that there "must be a causal nexus" between the litigation and the agency's change.  *First Amend. Coal.*, 878 F.3d at 1128.  A plaintiff must "present 'convincing evidence' that the filing of the action 'had a substantial causative effect on the delivery of the information.'"  *Id.* (quoting *Church of Scientology of California v. U.S. Postal Serv.*, 700 F.2d 486, 489 (9th Cir. 1983)).  A court must consider three factors in determining whether a plaintiff has demonstrated the requisite causative effect: (1) when the requested documents were released; (2) what actually triggered the release of the documents; and (3) whether the plaintiff was entitled to the release of documents at an earlier time.  *Id.* at 1129 (citing *Church of Scientology*, 700 F.2d at 492).

In *First Amendment Coalition*, the Ninth Circuit applied these three factors to conclude that the plaintiff had substantially prevailed.  *See First Amend. Coal.*, 878 F.3d at 1129–30.  First, the government agency had displayed "abject resistance" throughout the litigation and did not produce the requested documents until two and a half years after the lawsuit was filed.  *Id.* at 1129.  Second, what actually triggered the release of the documents was the plaintiff's "dogged determination," which led to a district court action that resulted in the government's voluntary disclosure.  *Id.* at 1129–30.  And third, the Ninth Circuit pointed to a district court error in dismissing the lawsuit, which caused the plaintiff "to endure unnecessarily protracted litigation"

to retrieve the documents when the plaintiff otherwise would (and should) have received them at an earlier time. *Id.* at 1130.

Other courts have likewise required some showing that the lawsuit prompted the voluntary production of documents before determining the plaintiff substantially prevailed. *See Gahagan v. U.S. Citizenship and Immigration Servs.*, No. 14-2233, 2016 WL 3090216, at *1, *9 (E.D. La. June 2, 2016) (finding the plaintiff had substantially prevailed when the government agency did not voluntarily turn over the documents at issue until three summary judgment motions had been filed over nearly a year); *Gahagan v. U.S. Citizenship and Immigration Servs.*, No. 15-796, 2016 WL 3127209, at *1–2 (E.D. La. June 3, 2016) ("Gahagan II") (finding the government agency's acknowledgment that it conducted a supplemental search "in an effort to bring resolution to this matter," which located a responsive document that was then voluntarily disclosed, was convincing evidence of substantial causative effect).

Here, Plaintiffs have not produced similarly convincing evidence indicating they substantially prevailed. First, unlike the protracted matters detailed above, *see, e.g., First Amend. Coal.*, 878 F.3d at 1129, Plaintiffs' case, which sought the immediate processing and release of FOIA records, was resolved without court intervention, at most two months after Plaintiffs filed this lawsuit. *See* Dkt. 10. Second, nothing indicates EOIR ever refused to provide the requested records. Indeed, EOIR has submitted evidence indicating it began processing Plaintiffs' FOIA records requests promptly after receiving them. Dkt. 14 ¶¶ 12–19. Plaintiffs acknowledge EOIR fulfilled Plaintiff Flores' records requests prior to Plaintiffs filing this lawsuit. Dkt. 12 at 3. Further, Plaintiffs Sandoval-Carcamo's and Carvajal-Mancia's records were requested by EOIR from their storage locations before Plaintiffs filed suit, but were not received by EOIR until after, Dkt. 14 ¶¶ 17, 19, meaning EOIR could not have released the

records at an earlier date.  Thus, the lawsuit could not have had any bearing on EOIR's decision to release records in these instances.

While it is true that the four remaining records were received by EOIR before Plaintiffs filed suit, but not sent to Plaintiffs until shortly thereafter, Plaintiffs present no evidence indicating the lawsuit caused EOIR to send the records when it otherwise would not have. "[T]he plaintiff has the burden of showing 'that it is more probable than not that the government would not have performed the desired act absent the lawsuit.'" *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 97 (D.C. Cir. 2020) (citation omitted); *see also Gahagan II*, 2016 WL 3127209, at *2 (finding a causal nexus between the plaintiff's lawsuit and the government's decision to release documents when the government "essentially admit[ted] that, *but for this lawsuit*, it would not have conducted the supplemental search that located the requested document") (emphasis added).

Plaintiffs' only argument is a temporal one—they had not received the requested records before filing their lawsuit, and EOIR only released the records after suit was filed.  Dkt. 12 at 9–10.  But the "mere fact that information sought was not released until after the lawsuit was instituted is insufficient to establish that a complainant has 'substantially prevailed.'" *First Amend. Coal.*, 878 F.3d at 1128 (quoting *Church of Scientology*, 700 F.2d at 491–92); *see also Grand Canyon Tr.*, 947 F.3d at 97 ("[T]he mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation") (citation omitted); *Rich v. U.S. Citizenship & Immigr. Servs.*, No. C20-0813-JLR, 2020 WL 7490373, at *3 (W.D. Wash. Dec. 21, 2020).  Indeed, "[t]here may be a host of reasons why the Government has voluntarily released information after the filing of a FOIA lawsuit[,]" including "administrative compliance with statutory production requirements[.]" *First Amend. Coal.*, 878 F.3d at 1128 (citation

ORDER DENYING MOTION FOR ATTORNEYS'
FEES AND COSTS - 7

omitted). And to the extent EOIR simply failed to realize it had not released the records until after the lawsuit was filed (as a result of the pressures of the pandemic or otherwise), its decision to subsequently release them was "simply the correction of an error—not a change in position." *Withey v. Fed. Bureau of Investigation (FBI)*, No. C18-1635-JCC, 2021 WL 2646480, at *3 (W.D. Wash. June 28, 2021).

Finally, with regards to the third factor, while the Court recognizes that EOIR did not process Plaintiffs' requests within the 20-day statutory period, nothing caused Plaintiffs to "endure unnecessarily protracted litigation," as in *First Amendment Coalition*. *See First Amend. Coal.*, 878 F.3d at 1130. And EOIR advised Plaintiffs of the potential for significant processing delays as a result of COVID-19.

On these facts, the Court cannot conclude that Plaintiffs' lawsuit had a substantial causative effect on EOIR's release of the requested documents, meaning Plaintiffs did not "substantially prevail" and are not eligible for attorneys' fees. Because Plaintiffs are not eligible for attorneys' fees, the Court need not assess whether they are entitled to them. Plaintiffs' Motion is denied.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Fees and Costs, Dkt. 12, is DENIED. The Clerk is directed to send copies of this Order to the parties and to the Honorable Lauren King.

Dated this 1st day of September, 2022.

*[signature: S. Kate Vaughan]*

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING MOTION FOR ATTORNEYS'
FEES AND COSTS - 8